
UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ANTHONY PAYTON | CIVIL ACTION NO. 08-946 |
| | SECTION P |
| VS. | |
| | JUDGE TRIMBLE |
| WARDEN ELAYN HUNT | |
| CORRECTIONAL CENTER, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on July 2, 2008, by *pro se* petitioner Anthony Payton. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.

## STATEMENT OF THE CASE

In 1978, petitioner was convicted of robbery in Florida under his alias "Frank Jones."[1] Doc. 1; *Payton v. Cooper*, 928 So.2d 605, 606 (La. App. 1 Cir. 2/10/06). On December 2, 1996, petitioner was sentenced to twenty years imprisonment without the benefit of parole, probation or suspension of sentence following guilty pleas in the Fourteenth Judicial District Court to charges of forcible rape and simple burglary.[2]

---

[1] Although the fact of this conviction appears both in the Record and in related case law as cited in the text, the exact date and the court in which the conviction occurred are unknown.

[2] Petitioner was sentenced to twenty years for the forcible rape and to twelve years for the simple burglary, to be served concurrently.

On February 20, 1997, petitioner executed a "Good Time Rate Option and Approval Form" wherein he elected to receive good time credit rather than wages. On May 29, 1999, petitioner received a revised prison record informing him that he was ineligible to earn good time credit because his 1996 conviction constituted a second offense crime of violence. The first offense crime of violence was the robbery in Florida.

Although no date was given, petitioner states that he then filed a motion to amend in the Fourteenth Judicial District Court, which he states was ultimately denied as untimely on or about December 10, 2004. Doc. 1. On unknown dates, petitioner filed and exhausted administrative remedies contesting the DPSC's refusal to credit him with the accrual of good time. Plaintiff's administrative remedies were denied at each level. Doc. 1.[3] On an unknown date, petitioner filed suit in the Nineteenth Judicial District Court seeking judicial review of the Louisiana Department of Public Safety and Corrections' (DPSC) decision that he was ineligible to earn good time credit. *Id.*; *Payton v. Cooper*, 928 So.2d 605, 606 (La. App. 1 Cir. 2/10/06), *writ denied by Payton v. Hubert*, 956 So.2d 616 (La.2007). The Nineteenth Judicial District Court affirmed the decision of the DPSC, and petitioner's petition was denied.

In 2005, petitioner filed an appeal of the judgment rendered by the Nineteenth Judicial District Court to the Louisiana First Circuit Court of Appeal. In the appeal, he raised two arguments (1) whether the statutory definition of a "crime of violence" can be applied to a crime for which he had been convicted prior to the enactment of the statute; and (2) whether consideration of his 1978 conviction constitutes an *ex post facto* application of Louisiana Revised Statute 15:571.3 when applied to enhance his sentence for the 1996 conviction for forcible rape.

The appeal court rendered a decision affirming the judgment of the Nineteenth Judicial

---

[3]Petitioner's claim is borne out by the First Circuit Court of Appeals decision on this matter in *Payton v. Cooper*, 928 So.2d 605, 606 (La. App. 1 Cir. 2/10/06).

District Court on February 10, 2009. *Payton*, 928 So.2d 605. Petitioner filed an application for writ of review in the Louisiana Supreme Court, but the writ application was denied on May 4, 2007. *See Payton v. Hubert*, 956 So.2d 616 (La. 2007).

On July 2, 2008, petitioner filed the present Application for Writ of *Habeas Corpus*.

## CLAIMS FOR RELIEF

Petitioner claims that he has been deprived of the right to earn diminution of sentence under the provisions of Louisiana Revised Statute 15:571.3 that were in effect when his offenses were committed because the DPSC has erroneously concluded that his 1978 conviction for robbery was a conviction for a crime of violence as defined by Louisiana Revised Statute14:2(B)(29). Petitioner claims that when he was convicted of the offense of robbery in 1978, that offense was not classified as a crime of violence under Louisiana Revised Statute14:2(B). He claims that the subsequent inclusion of that offense as a crime of violence amounts to a violation of the Constitution's prohibition against *ex post facto* laws. Doc. 1. He also claims that respondents breached his plea agreement by changing his sentence from a sentence under Act 138 (which does not contain the language regarding a second or subsequent crime of violence) to Act 150 (which amended 15:571.3 to include that language).

## LAW AND ANALYSIS

Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts provides in part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir.1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering

3

an unnecessary answer.'" (internal citations omitted)).

Petitioner's claim of an alleged violation of the prohibition against *ex post facto* legislation is without a basis in law or fact. Apropos to this discussion, Louisiana Revised Statute15:571.3(B)(1) provides, "every inmate in . . . custody . . . who has been convicted of a felony, except an inmate convicted a second time of a crime of violence as defined by R.S.14:2(B), and sentenced to imprisonment for a stated number of years or months . . . may earn . . . a diminution of sentence by good behavior and performance of work or self improvement activities, or both, to be known as 'good time'. . . ." Louisiana Revised Statute 15:571.3(D) provides: "Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S.14:2(B)."[4] These provisions were added by Act 150 of the Third Extraordinary Session of the 1994 Louisiana Legislature. Thus, as pointed out by the petitioner, at the time he committed the 1978 crime, Louisiana Revised Statute 14:2(B) did not exist defining the term "crime of violence." Therefore, he claims that the 1978 conviction was not for a crime of violence and that the application of La. R.S. 14:2(13) and La. R. S.15:571.3(D) to him operates as an "*ex post facto* law" to deprive him of eligibility for diminution of sentence.

Petitioner's claim lacks a basis in law or fact. The law is settled, "two critical elements must be present for a criminal or penal law to be *ex post facto*: (1) it must be retrospective, that is, it must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981); *Barksdale v. Blackburn*, 670 F.2d 22, 26 (5th Cir.1982). Petitioner's *ex post facto* claim fails in part because

---

[4]Louisiana Revised Statute14:2(B) defines a crime of violence as an "offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon."

4

the 1994 amendment to Louisiana Revised Statute15:529.1, which denied diminution of sentence to inmates convicted of two or more crimes of violence, was passed prior to petitioner's second "crime of violence"-the 1996 conviction. Likewise, the application of Louisiana Revised Statute14:2(13) did not affect the penalty imposed for that earlier conviction. Rather, the impact of that classification applied only to his 1996 offense, which was committed after the crime of robbery was defined as a crime of violence. In analyzing petitioner's *ex post facto* claims, the relevant offense in this case is the current crime (the 1996 offense). As noted herein, Act 150 has been in effect since August 1994. Thus, petitioner was on notice of the consequences of a second conviction of a crime of violence before he committed the forcible rape. Thus, the consideration of Louisiana Revised Statute14:2(13) and the reliance on Louisiana Revised Statute15:571.3(D), as amended by 1994 Acts, Third Extraordinary Session, No. 150, to deny good time eligibility on sentences imposed for crimes committed after the Act's effective date does not violate the *ex post facto* clauses of the federal or state constitutions. *See State v. Keys*, 29,369, p. 9 (La.App. 2nd Cir.5/7/97), 694 So.2d 1107, 1115, *writs denied*, 703 So.2d 21 (La.10/31/97); *cf State v. Francis*, 709 So.2d 834, 841 (La. App. 1st Cir. 2/20/98), *writs denied* 723 So.2d 961 (La. 1998). This is consistent with the law of this Circuit. *See United States v. Rasco*, 123 F.3d 222, 227 (5th Cir.1997), *cert. denied Rasco v. U.S.*, 522 U.S. 1083, 118 S. Ct. 868, 139 L. Ed. 2d 765 (1998). In *Rasco*, the Fifth Circuit noted:

> The Supreme Court has held that recidivist statutes not unlike that at issue here do not violate the Ex Post Facto Clause. *See Gryger v. Burke*, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258, 92 L. Ed. 1683 (1948) ('The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'). This circuit has likewise rejected ex post facto challenges to recidivist statutes. *See United States v. Saenz-Forero*, 27 F.3d 1016 (5th Cir.1994) (holding that use of a 1985 drug conviction to enhance defendant's sentence did not violate the Ex Post Facto Clause even though the drug conviction was not classified as an 'aggravated felony' for enhancement purposes until 1988); *Perkins v. Cabana*,

5

> 794 F.2d 168, 169 (5th Cir.) (upholding a Mississippi recidivist statute against an ex post facto challenge).

In sum, petitioner is not eligible for diminution of sentence because his current conviction is a second crime of violence. Petitioner was on notice that his conviction for a crime of violence anytime after the effective date of Act 150 of 1994 would result in being declared ineligible for diminution of sentence. Therefore, petitioner's plight is not based on *ex post facto* legislation. As such, his continued custody based on the denial of "good time" is not in violation of the Constitution and laws of the United States.

Further, the court finds no merit to petitioner's claim that respondents breached his plea agreement by changing his sentence from a sentence under Act 138 (which does not contain the language regarding a second or subsequent crime of violence) to Act 150 (which amended 15:571.3 to include that language). Petitioner was sentenced in 1996, but Act 150 was passed into law in 1994. Further, the state court record indicates that the plea recommendation regarded the amount of time petitioner would serve and whether the State's prosecutor would file a habitual offender bill. *See* Summary of State Court Record, attached hereto as Exhibit A. The record does not reflect any agreement that the State of Louisiana or the presiding judge agreed that petitioner could benefit from a diminution of sentence in conjunction with a superseded law (Act 138). *Id.*

Therefore,

IT IS RECOMMENDED that this petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 9th day of February, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE